IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kristopher Butler, | ) | Case No. 5:20-cv-02952-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Thomas Robertson, Willy Davis, Bryan P. Sterling, South Carolina Department of Corrections, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. Along with his complaint, Plaintiff filed a motion for preliminary injunction and temporary restraining order. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On October 15, 2020, the Magistrate Judge issued a Report recommending that Plaintiff's motion be denied. ECF No. 26. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.

On November 30, 2020, Defendants filed a motion to dismiss for lack of prosecution. ECF No. 39. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary

judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  ECF No. 40.  Despite this explanation, Plaintiff has not responded to the motion.

On January 19, 2021, the Magistrate Judge issued a Report recommending that Defendants' motion be granted and this action be dismissed without prejudice.  ECF No. 44.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo

---

[1] The Court notes that, while neither of the Reports have been returned, other pieces of mail from the Court to Plaintiff have been returned as undeliverable.  *See, e.g.,* 36, 38.  Plaintiff was specifically warned that it was his responsibility to keep the Court informed as to his current address.  ECF No. 10.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Reports of the Magistrate Judge, the Court finds no clear error and agrees with the recommendations of the Magistrate Judge.  Accordingly, Plaintiff's motion [2] is **DENIED**, Defendants' motion [39] is **GRANTED**, and this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 22, 2021
Spartanburg, South Carolina